933 So.2d 498 (2006)
In re AMENDMENTS TO THE RULES REGULATING THE FLORIDA BARRULES 3-5.2 AND 3-7.2.
No. SC05-1684.
Supreme Court of Florida.
June 29, 2006.
Murray B. Silverstein, Chair, Disciplinary Procedure Committee, St. Petersburg, FL, Alan B. Bookman, President, Henry M. Coxe, III, President-elect, John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Director, Legal Division-Lawyer Regulation, The Florida Bar, Tallahassee, FL, for Petitioner.
William D. Matthewman of Seiden, Alder and Matthewman, P.A., Boca Raton, FL, responding with comments.
PER CURIAM.
The Florida Bar petitions this Court to consider its proposed amendments to the Rules Regulating the Florida Bar. The petition is in response to the Court's request that the Bar consider several issues regarding the operation of rules 3-5.2 (emergency suspension and probation) and 3-7.2 (procedures upon criminal or professional misconduct). We have jurisdiction. See art. V, 15, Fla. Const.
The Bar submitted the proposals to the Board of Governors of The Florida Bar for its recommendation. The Board approved the proposals. The proposals were published for comment in the August 1, 2005, edition of The Florida Bar News. In that publication, the Bar instructed interested parties to file any comments directly with the Court. Thereafter, the Bar filed the proposals with the Court.
In response to the publication notice, one comment was filed with the Court. After considering the comment and holding oral argument on June 7, 2006, the Court adopts the Bar's proposals, modified as follows.
First, the proposal for rule 3-7.2 (procedures upon criminal or professional misconduct) would have deleted language stating the well-established principle that a person cannot return to the practice of law in Florida until his or her civil rights have been restored. The Court modifies the proposal to retain this principle in the rule.
Second, the proposal for rule 3-7.2(e) would require bar members to report determinations or judgments of guilt for any criminal offense. The commenter suggested that this new requirement should specify a date, clarifying the entered determinations or judgments that bar members must report. Otherwise, bar members might conclude that they are required to report past determinations or judgments of guilt which were entered before the effective date of the instant proposals. Thus, the Court modifies the proposal to clarify that bar members shall notify the executive director of The Florida Bar of determinations or judgments entered on or after August 1, 2006.
Accordingly, the Court adopts the amendments to the Rules Regulating the *499 Florida Bar as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments shall become effective on August 1, 2006, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

RULE 3-5.2 EMERGENCY SUSPENSION AND INTERIM PROBATION
(a) InitialPetition for Emergency Suspension. On petition of The Florida Bar, authorized by its president, presidentelect, or executive director, supported by 1 or more affidavits demonstrating facts personally known to the affiants that, if unrebutted, would establish clearly and convincingly that an attorney appears to be causing great public harm, the Supreme Court of Florida may issue an order imposing emergency conditions of probation on said attorney or suspending said attorney on an emergency basis.
(b) Petition for Interim Probation. On petition of The Florida Bar, authorized by its president, president-elect, or executive director, supported by 1 or more affidavits demonstrating facts personally known to the affiants that, if unrebutted, would establish clearly and convincingly that conditions or restrictions on an attorneys privilege to practice law in Florida are necessary for protection of the public, the Supreme Court of Florida may issue an order placing said attorney on interim probation, the conditions of which shall be as provided in rule 3-5.1(c).
(bc) Trust Accounts. Any order of emergency suspension or probation that restricts the attorney in maintaining a trust account shall, when served on any bank or other financial institution maintaining an account against which said attorney may make withdrawals, serve as an injunction to prevent said bank or financial institution from making further payment from such account or accounts on any obligation except in accordance with restrictions imposed by the court.
(cd) New Cases and Existing Clients. Any order of emergency suspension issued under this rule shall immediately preclude the attorney from accepting any new cases and unless otherwise ordered permit the attorney to continue to represent existing clients for only the first 30 days after issuance of such emergency order. Any fees paid to the suspended attorney during the 30-day period shall be deposited in a trust account from which withdrawals may be made only in accordance with restrictions imposed by the court.
(de) Filing of Formal Complaints. The Florida Bar shall file a formal complaint within 60 days of the emergency order and proceed to trial of the underlying issues, without the necessity of a finding of probable cause by either a grievance committee or the board of governors.

(ef) Motions for Dissolution.
(1) The attorney may move at any time for dissolution or amendment of an emergency order by motion filed with the Supreme Court of Florida, a copy of which will be served on bar counsel. Such motion shall operate as anot stay of any other proceedings and applicable time limitations in the case and, unless the motion fails to state good cause or is procedurally barred as an invalid successive motion, shall immediately be assigned to a referee designated by the chief justice. The filing of such motion shall not stay the operation of an order of emergency suspension or interim probation entered under this rule.
*500 (2) The referee shall hear such motion within 7 days of assignment, or a shorter time if practicable, and submit a report and recommendation to the Supreme Court of Florida within 7 days of the date of the hearing, or a shorter time if practicable. The referee shall recommend dissolution or amendment, whichever is appropriate, to the extent that bar counsel cannot demonstrate a likelihood of prevailing on the merits on any element of the underlying complaint.
(3) Successive motions for dissolution shall be summarily dismissed by the supreme court to the extent that they raise issues that were or with due diligence could have been raised in a prior motion.
(4) Upon receipt of the referees recommended order on the motion for dissolution or amendment, the supreme court shall review and act upon the referees findings and recommendations. If the court continues the order of emergency suspension or probation in any manner, The Florida Bar shall file a formal complaint, if one has not yet been filed, within 60 days of the continuance and proceed to trial of the underlying issues, without the necessity of a finding of probable cause by either a grievance committee or the board of governors. A continuance of the emergency suspension or probation dissolves the stay of other proceedings.
(fg) Hearings on Formal Complaints. Upon the filing of a formal complaint based on charges supporting an emergency order, the chief justice shall appoint a referee to hear the matter in the same manner as provided in rule 3-7.56, except that the referee shall hear the matter and issue a report and recommendation within 90 days of appointment or, if the attorney has filed an unsuccessful motion for dissolution or amendment after the appointment of the referee, within 90 days of the supreme court's continuance of the emergency order. This time limit shall apply only to trials on complaints in connection with which an emergency suspension or interim probation is in effect. If the time limit specified in this subdivision is not met, that portion of an emergency order imposing a suspension or interim probation shall be automatically dissolved, except upon order of the supreme court upon showing of good cause, provided that any other appropriate disciplinary action on the underlying conduct still may be taken.
(gh) Proceedings in the Supreme Court of Florida. Consideration of the referees report and recommendation shall be expedited in the supreme court. If oral argument is granted, the chief justice shall schedule oral argument as soon as practicable.
(hi) Waiver of Time Limits. Respondent may at any time waive the time requirements set forth in this rule by written request made to and approved by the referee assigned to hear the matter.

RULE 3-7.2 PROCEDURES UPON CRIMINAL OR PROFESSIONAL MISCONDUCT; DISCIPLINE UPON DETERMINATION OR JUDGMENT OF GUILT OF CRIMINAL MISCONDUCT

(a) Definitions.
(1) Judgment of Guilt. For the purposes of these rules, "judgment of guilt" shall include only those cases in which the trial court in the criminal proceeding enters an order adjudicating the respondent guilty of the offense(s) charged.
(2) Determination of Guilt. For the purposes of these rules, "determination of guilt" shall include only those cases in which the trial court in the criminal proceeding enters an order withholding adjudication of the respondent's guilt of the *501 offense(s) charged, those cases in which the convicted attorney has entered a plea of guilty to criminal charges, those cases in which the convicted attorney has entered a no contest plea to criminal charges, those cases in which the jury has rendered a verdict of guilty of criminal charges, and those cases in which the trial judge in a bench trial has rendered a verdict of guilty of criminal charges.
(3) Convicted Attorney. For the purposes of these rules, "convicted attorney" shall mean an attorney who has had either a determination or judgment of guilt entered by the trial court in the criminal proceeding.
(b) Determination or Judgment of Guilt, Admissibility; Proof of Guilt. Determination or judgment of guilt of a member of The Florida Bar by a court of competent jurisdiction upon trial of or plea to any crime or offense that is a felony under the laws of this state, or under the laws under which any other court making such determination or entering such judgment exercises its jurisdiction, shall be admissible in proceedings under these rules and shall be conclusive proof of guilt of the criminal offense(s) charged for the purposes of these rules.
(c) Notice of Institution of Felony Criminal Charges Determination or Judgment of Guilt. Upon the institution of a felony criminal charge against a member of The Florida Bar by the filing of an indictment or information entry of a determination or judgment of guilt against a member of The Florida Bar by a court of competent jurisdiction upon trial of or plea to any offense that is a felony under the laws applicable to such court, such convicted attorney the member shall within 30 10 days of such the institution of the felony criminal charges determination or judgment notify the executive director of The Florida Bar of such charges determination or judgment. Notice shall include a copy of the order(s) whereby such determination or judgment was entered document(s) evidencing institution of the charges.
If the state attorney whose office is assigned to a felony criminal case is aware that the defendant is a member of The Florida Bar, the state attorney shall provide a copy of the indictment or information to the executive director.
(d) Notice of Determination or Judgment of Guilt by Courts of the State of Florida of Felony Charges.
(1) Trial Judge. If any such determination or judgment is entered by in a court of the State of Florida, the trial judge or clerk thereof shall, within 10 days of the date on which the determination or judgment is entered, transmit give notice thereof to the Supreme Court of Florida and the executive director of The Florida Bar and shall include a certified copy of the order(s) whereby document(s) on which the determination or judgment was entered.
(2) Clerk of Court. If any such determination or judgment is entered in a court of the State of Florida, the clerk thereof shall, within 10 days of the date on which the determination or judgment is entered, give notice thereof to the executive director and shall include a certified copy of the document(s) on which the determination or judgment was entered.
(3) State Attorney. If the state attorney whose office is assigned to a felony criminal case is aware that the defendant is a member of The Florida Bar, the state attorney shall give notice of the determination or judgment of guilt to the executive director and shall include a copy of the document(s) evidencing such determination or judgment.
*502 (e) Notice by Members of Determination or Judgment of Guilt of All Criminal Charges. A member of The Florida Bar shall within 10 days of entry of a determination or judgment for any criminal offense, which was entered on or after August 1, 2006, notify the executive director of The Florida Bar of such determination or judgment. Notice shall include a copy of the document(s) on which such determination or judgment was entered.
(ef) Suspension by Judgment of Guilt (Felonies). Upon receiving notice that a member of the bar has been determined to be or adjudicated guilty of a felony, the bar counsel will file a "Notice of Determination or Judgment of Guilt" in the Supreme Court of Florida. A copy of the document(s) on which the determination or judgment is based shall be attached to the notice. Upon the filing of the notice with the Supreme Court of Florida by The Florida Bar and service of such notice upon the respondent of a notice of determination or judgment of guilt for offenses that are felonies under applicable law, the respondent shall stand suspended as a member of The Florida Bar on the eleventh day after filing of the notice of determination or judgment of guilt unless the respondent shall, on or before the tenth day after filing of such notice, file a petition to terminate or modify such suspension as defined in rule 3-5.1(e).
(fg) Petition to Modify or Terminate Suspension.
(1) At any time after the filing of a notice of determination or judgment of guilt, the respondent may file a petition with the Supreme Court of Florida to modify or terminate such suspension and shall serve a copy thereof upon the executive director. The filing of such petition shall not operate as a stay of the suspension imposed under the authority of this rule.
(2) If such petition is filed on or before the tenth day following the filing of the notice, the suspension will be deferred until entry of an order on the petition.
(3) If such petition is filed after the tenth day following the filing of the notice of judgment of guilt, the suspension shall remain in effect pending disposition of the petition. Modification or termination of the suspension shall be granted only upon a showing of good case.
(h) Appointment of Referee. Upon the entry of an order of suspension, as provided above, the supreme court shall promptly appoint or direct the appointment of a referee.
(1) Hearing on Petition to Terminate or Modify Suspension. The referee shall hear a petition to terminate or modify a suspension imposed under this rule within 7 days of appointment and submit a report and recommendation to the Supreme Court of Florida within 7 days of the date of the hearing. The referee shall recommend termination or modification of the suspension only if the suspended member can demonstrate that the member is not the convicted person or that the criminal offense is not a felony.
(g) Response to Petition to Modify or Terminate Automatic Suspension. The Florida Bar shall be allowed 20 days from the filing of a petition to modify or terminate automatic suspension to respond to the same. Bar counsel will oppose all petitions to modify or withhold an automatic suspension on a notice of determination or judgment of guilt unless the designated reviewer recommends and the executive committee concurs in not opposing such a petition.
(2) Hearing on Sanctions. In addition to conducting a hearing on a petition to terminate or modify a suspension entered under this rule, the referee shall also hear *503 argument concerning the appropriate sanction to be imposed and file a report and recommendation with the supreme court in the same manner and form as provided in rule 3-7.6(m) of these rules. The hearing shall be held and a report and recommendation shall be filed with the supreme court within 30 days of assignment as referee.
The respondent may challenge the imposition of a sanction only on the grounds of mistaken identity or whether the conduct involved constitutes a felony under applicable law. The respondent may present relevant character evidence and relevant matters of mitigation regarding the proper sanction to be imposed. The respondent may not contest the findings of guilt in the criminal proceedings. A respondent who entered a plea in the criminal proceedings may be allowed to explain the circumstances concerning the entry of the plea for purposes of mitigation.
The report and recommendations of the referee may be reviewed in the same manner as provided in rule 3-7.7 of these rules.
(hi) Term of Suspension
(1) Maximum Term of Suspension. Unless the Supreme Court of Florida permits an earlier application for reinstatement, the suspension imposed on the determination or judgment of guilt shall remain in effect for 3 years and thereafter until civil rights have been restored and until the respondent is reinstated under rule 3-7.10 hereof.
(2) Continuation During Appeal of Conviction. A final termination of the criminal cause resulting in the affirmance of a determination or judgment of guilt shall continue the suspension until expiration of all periods for appeal and rehearing.
(3) Continuation of Suspension Until Final Disposition. If an appeal is taken by the respondent from the determination or judgment of the trial court in the criminal proceeding, the suspension shall remain in effect during the appeal. and If on review the cause is remanded for further proceedings, the suspension shall remain in effect until the final disposition of the criminal cause unless modified or terminated by the Supreme Court of Florida as elsewhere provided.
Further, the suspension imposed shall remain in effect until civil rights have been restored and until the respondent is reinstated.
(4j) Termination and Expunction of Suspension. A final disposition of the criminal cause resulting in acquittal will terminate the suspension. Upon motion of the respondent, the Supreme Court of Florida may expunge a suspension sanction entered under this rule when a final disposition of the criminal cause has resulted in acquittal or dismissal. (5) Effect of Expunction. A respondent who is the subject of a disciplinary history record sanction that is expunged under this rule may lawfully may deny or fail to acknowledge the sanctions covered by the expunged record, except when the respondent is a candidate for election or appointment to judicial office, or as otherwise required by law.
(i) Separate Disciplinary Action. (1) Initiation of Action. The Florida Bar may, at any time, initiate separate disciplinary action against the respondent.
(2) Conclusive Proof of Probable Cause. A determination or judgment of guilt, where the offense is a felony under applicable law, shall constitute conclusive proof of probable cause and The Florida Bar may file a complaint with the Supreme Court of Florida, or proceed under rule 3-7.9, *504 without there first having been a separate finding of probable cause.
(3) Determination or Judgment of Guilt as Evidence. A determination or judgment of guilt, whether for charges that are felony or misdemeanor in nature, shall be admissible in disciplinary proceedings under these rules, and in those cases where the underlying criminal charges constitute felony charges, determinations or judgments of guilt shall, for purposes of these rules, constitute conclusive proof of the criminal offense(s) charged. The failure of a trial court to adjudicate the convicted attorney guilty of the offense(s) charged shall be considered as a matter of mitigation only.
(k) Waiver of Time Limits. The respondent may waive the time requirements set forth in this rule by written request made to and approved by the referee or supreme court.
(jl) Professional Misconduct in Foreign Jurisdiction. [no change]